# IN THE COURT OF APPEALS OF IOWA

No. 18-1692
Filed July 24, 2019

**ROMANO GAYE,**
        Plaintiff-Appellee,

**vs.**

**HOT SERVICE, LLC & HASAN OMERDIC,**
        Defendants-Appellants.
_____


        Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.


        Hot Service, LLC and Hasan Omerdic appeal following a bench trial.

**AFFIRMED.**


        Ronald E. Langford of Langford Law Office, LLC, Des Moines, for

appellants.

        Andrew L. LeGrant of LeGrant Law Firm, P.C., Urbandale, for appellee.


        Considered by Mullins, P.J., Bower, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DANILSON, Senior Judge.**

Romano Gaye sued Hot Service, LLC and Hasan Omerdic for conversion related to $6500 deducted from his paychecks for the debt of another truck driver. Omerdic answered and asserted counterclaims for breach of contract, fraud, and unjust enrichment, alleging Gaye owed $21,933.24—$7255.44 in operational expenses; $13,914.19 in personal loans and unauthorized purchases of goods and services; and $763.61 for his use of Pre-Pass/I-Pass devices after his employment terminated. Gaye was an independent contractor working as a truck driver for Hot Service, and all claims, including the counterclaims, relate to amounts the defendants claim could or should have been deducted from Gaye's paychecks. The district court granted judgment against Omerdic upon Gaye's claim in full. The district court granted Hot Service's counterclaim for breach of contract against Gaye in the sum of $3565. We affirm.

Following a bench trial, the district court found Gaye had proved his claim for conversion and awarded him $6500. Omerdic, the manager who authorized the deductions, makes no argument to support a reversal of this judgment and therefore has waived any challenge of that ruling on appeal. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

With respect to the counterclaims, the court found Gaye breached his contract with Hot Service and/or was unjustly enriched by failing to pay expenses owed:

> In August of 2016, Gaye's final weekly paystub reflected that he owed Hot Service $2861.04. With the exception of $703.96 in Pre-Pass/I-Pass charges that were incurred by Gaye, but charged to Hot

Service in August 2016 the court cannot fathom how the amount owed by Gaye could plausibly be over ten times the amount shown on his last paystub if "Every week since October 2013, counterclaim defendant Romano Gaye was provided with an accounting of all goods and services purchased and owed to counterclaim plaintiff Hot Service, LLC and amounts deducted from his compensation for reimbursement to counterclaim plaintiff Hot Service, LLC." The court does not find the testimony that those expenses reflected on Gaye's final paystub were only through 2015 credible. Gaye did breach the Agreement in that he failed to fully pay off his debts to Hot Service; however, the court cannot find such debts total $21,933.24 or $27,649.63 as alleged by Hot Service. Based on the evidence and testimony presented at trial, the court concludes Gaye failed to fully pay of[f] his debts to Hot Service in the amounts of $2861.04 and $703.96 for a total of $3565.00.

. . . .

Undoubtedly, Gaye received a benefit from being able to utilize Hot Service's credit and/or borrow funds from Hot Service. Further, any unpaid charges would be at the expense of Hot Service and it would be unjust to allow Gaye to retain the benefit he received. As stated above; however, with the exception of $703.96 in Pre-Pass/I-Pass charges that were incurred by Gaye, but charged to Hot Service in August 2016 the court cannot fathom how the amount owed by Gaye could plausibly be over ten times the amount shown on his last paystub if "Every week since October 2013, counterclaim defendant Romano Gaye was provided with an accounting of all goods and services purchased and owed to counterclaim plaintiff Hot Service, LLC and amounts deducted from his compensation for reimbursement to counterclaim plaintiff Hot Service, LLC." Also as stated above, the court does not find the testimony that those expenses reflected on Gaye's final paystub were only through 2015 credible. Accordingly, the court finds that Gaye has been unjustly enriched in the amount of $3565.00 as calculated above.

Our review in a breach-of-contract action is for errors of law.[1] *NevadaCare, Inc. v. Dep't of Human Servs.*, 783 N.W.2d 459, 465 (Iowa 2010). The district court's factual findings are binding when supported by substantial evidence. *Id.*

We agree with the district court that Hot Service's claims of amounts owing but not reflected in the paystubs are not credible. There is substantial evidence to

---

[1] The appellants note "their claim arose out of a contractual relationship with Gaye."

support the trial court's findings, and we discern no errors of law.  We therefore affirm without further opinion.  *See* Iowa Ct. R. 21.26(1)(a), (b), (d), (e).

**AFFIRMED.**